764 So.2d 687 (2000)
Alice CARTER-HARRIS, Appellant,
v.
Dr. Fred WILLIAMS and Zenith, Appellees.
No. 1D99-3966.
District Court of Appeal of Florida, First District.
June 6, 2000.
Michael J. Valen of Kensey, Troxel, Johnson & Walborsky, Pensacola, for appellant.
Tracey Hyde, Pensacola, for appellees.

ORDER IMPOSING SANCTIONS
PER CURIAM.
On February 28, 2000, this court issued an order directing appellant to show cause why sanctions should not be imposed for failure to timely file a mediation summary. Having now considered appellant's response, we find that sanctions are appropriate for the reasons set forth below.
In response to an inquiry from the mediation office, Michael J. Valen, counsel for appellant, advised this court that he regarded this worker's compensation proceeding as appropriate for mediation. Based on that representation and other information, the case was scheduled for an appellate mediation conference to be conducted in December. The conference was subsequently rescheduled for February 29 at the request of the parties. The notice which rescheduled the conference provided that each counsel must file a mediation summary with this court on or before February 18, setting forth the facts of the case and an assessment of the legal merits, with citations to statutory and case law. Although appellee filed a proper mediation summary, appellant did not. Staff of this court's mediation office contacted Mr. Valen's office and inquired about the summary. A document was received but it wholly failed to comply with the court's directive regarding the content of the mediation summary. Staff again called Mr. Valen, who promised to provide a proper mediation summary, but that commitment was never fulfilled. Subsequent phone calls from this court to Mr. Valen's office asking that he contact the mediation office were not returned. The mediation conference was ultimately canceled.
In response to the show cause order regarding sanctions, Mr. Valen relies, at least in part, on his belated receipt of the transcript of the final hearing. However, most of the evidence in the record came in the form of depositions which *688 were filed at the hearing and we do not find this argument persuasive.
We find that sanctions are appropriate in the instant matter and elect to do so by published order to inform the bar that the orders of the mediation office, just as any order of this court, must be timely complied with and that failure to do so without good cause may result in the imposition of sanctions. Further, we find this to be an instance where it is more appropriate to impose sanctions against counsel rather than dismiss the appeal, as dismissal would punish the client for the transgressions of her attorney.
It is hereby ordered that Michael J. Valen is assessed attorney's fees to be paid to counsel for appellee for time spent preparing the mediation summary and any other time invested in preparation for the mediation conference. This assessment shall be the personal responsibility of Mr. Valen and shall not be reimbursed to counsel by the client, directly or indirectly. In the event the parties are unable to agree to the amount of the fee, concurrent jurisdiction is relinquished to the Judge of Compensation Claims for 45 days from date of this order to determine an appropriate fee to be imposed as a sanction as set forth herein.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., concur.